# Exhibit E

It appears that Dr. Makasci has a valid Discrimination and Retaliation claim of his own. He also will have a Wrongful Termination claim if he is dismissed from the University for the conduct alleged. Please review this matter carefully and let me know what University policy permits Dr. Makasci as far as legal representation goes. It is not our desire to overstep, but merely to assure that Dr. Makasci received fair and just treatment and that his conduct is Judged accurately against a backdrop of discriminatory behavior by those who should have known better.

Thank you for your consideration of this matter. We look forward to addressing this with you.

Very Truly Yours,

E. Gregg Tobler

Enclosures
Cc:   Kemal Makasci



**UVU** Office for EQUAL OPPORTUNITY & AFFIRMATIVE ACTION
UTAH VALLEY UNIVERSITY

*Sent via Email*

June 23, 2017

Professor Kemal Makasci
makascke@uvu.edu

**CONFIDENTIAL**

Dear Professor Makasci:

Utah Valley University Policy 162 prevents all forms discrimination and retaliation. This letter is to inform you of the findings resulting from the investigation into the allegations of discrimination and retaliation that were filed against you by ▇▇▇ and ▇▇▇.

Consistent with University Policy and applicable federal and state anti-discrimination law, investigators evaluate all information collected during the course of the investigation and determine whether a violation of University Policy 162 has occurred using the "preponderance of the evidence" standard. This standard means that it is more likely than not, or more than 50% in favor that the allegation is true.

A decision of **"unfounded"** indicates that investigators conclude that either the event(s) did not occur as alleged, or even if the event(s) occurred, it did not arise to discrimination/harassment of a protected class and/or was not retaliatory.

A decision of **"inconclusive"** means that the evidence provided by both parties did not shift to a preponderance of evidence in favor of either party.

A decision of **"substantiated"** means that the allegations occurred as alleged and was based on protected class or was retaliatory in violation of UVU policy #162.

**FINDINGS:** Based on review of all the evidence, it is the opinion of investigators that the findings regarding the allegations of retaliation are as follows:

A. **Sex/Gender Discriminated Allegations**

    Allegation One: Telling a male student to go up and help a female student with the computer and repeatedly stating that "boys are good with technology." Allegation One is substantiated as to fact, but unfounded as to protected class discrimination.

    Allegation Two: Ignoring female students when they ask questions. This allegation is unfounded.

    Allegation Three: When a female answers a question in class, saying their answer is wrong, but when a male answers the same question, saying their answer is right. Although this allegation is substantiated as to fact, it does not rise to the level of policy violation because investigators are unable to determine the exact question and response by both the males



and females; and is therefore unfounded.

**Allegation Four:** Refusing to provide feedback and assistance to female students on homework and class assignments. Allegation Four is unfounded as discrimination based on sex/gender and also unfounded as retaliatory behavior directed towards the complainants.

**Allegation Five:** Making comments to others stating "that females don't belong in the Physical Education field." This allegation is inconclusive.

**Allegation Six:** Making comments that "women belong in the kitchen cooking meals" This allegation is inconclusive.

B. **Retaliation Allegations**

**Allegation Seven:** That sometime during the first two weeks of the Fall 2016 14*semester the Respondent discussed Title IX with the entire class and stated that the students in the class didn't know the definition of Title IX and what it meant and discussing how two (2) students last semester hurt his feelings and made fun of him. This allegation is substantiated as to fact with respect to the class discussion regarding Title IX, which was a topic covered in the physical education textbook; however, it is unfounded with respect to retaliation and mention of (2) students.

**Allegation Eight:** That on 11/16/2016 the Respondent made the following statements to the entire PETE class:

**Allegation Eight (a):** He has been teaching this class for 14 years and that students will not get rid of him. This allegation is substantiated.

**Allegation Eight (b):** The Respondent pointed out three students specifically [█████ and another female student] and said "they were trying to get rid of [him], and stated that that these three female students shouldn't go around and talk to people in different departments about issues they have with [him]." This allegation is substantiated.

**Allegation Eight (c):** The Respondent confirmed to the class that [█████] and [█████] have spoken with other departments by pointing them out to the class, and saying threatening things" like "they are being prejudice because they went to explain their problems to Title XI and department head" This allegation is substantiated in part, specifically that the Respondent pointed the students out and said they were being prejudiced towards him.

A decision of "unfounded" indicates that investigators conclude that either the event(s) did not occur as alleged, or even if the event(s) occurred, it was not due to inclusion in a protected class, in this case national origin.

A decision of "inconclusive" means that the evidence provided by both parties could did not shift to a preponderance of evidence in favor of either party.



**UVU** Office for EQUAL OPPORTUNITY & AFFIRMATIVE ACTION
UTAH VALLEY UNIVERSITY

A decision of "substantiated" means that the allegations occurred as alleged and were based on one or more protected class.

The executive summary and findings have been discussed with Dean Daniel Fairbanks and Academic Affairs. The investigation, including the report and these findings, remain confidential and are classified as protected under the Government Records Access and Management Act. (GRAMA). Please continue to maintain that confidentiality. Matters involving other issues unrelated to protected class discrimination/harassment have been forwarded to Academic Affairs.

Additionally, please be reminded that retaliation against individuals who participate in a discrimination/harassment complaint and/or investigation is strictly prohibited. Retaliation is intimidation, threats of reprisal, or other materially adverse actions taken against an employee or student of the University, or threats of such materially adverse actions, made by persons employed by or affiliated with the University in any way or by persons participating in any university program or activity against anyone who in good faith opposes discrimination or harassment, reports or files a complaint of discrimination or harassment, or honestly participates or assists in a university-related investigation, hearing, or other proceeding relating to discrimination or harassment. Examples include but are not limited to, threats or actual violence against a person or their property, adverse educational or employment consequences, ridicule, intimidation, bullying, ostracism, or action that may have "chill" or discourage a person from making a complaint or participating in an investigation. This includes asking students or employees if they have provided information, referencing that you will know if they say something in SRI's, or discussing the Complaint(s) with others.

If you have any questions or concerns related to this investigation, please feel free to contact Camille.Johnson@uvu.edu and she will set up a time to discuss.

If you disagree with the University action as a result of this decision, you may request a review pursuant to Utah Valley University Policy 162. Those rights will be explained in the letter from Dean Fairbanks determining any appropriate remedies. Review rights and deadlines will attach on the date that letter is sent to you.

Thank you for your cooperation, and for your patience during this process.

Sincerely,

Laura Carlson
Acting Director, Equal Opportunity and Affirmative Action/Title IX
801-863-9570

cc (via email):   Daniel Fairbanks
                  Karen Clemes
                  Gregg Tobler