# Exhibit F



**UVU** Office for EQUAL OPPORTUNITY & AFFIRMATIVE ACTION
UTAH VALLEY UNIVERSITY

*Sent via Email*

June 30, 2017

Professor Kemal Makasci
makascke@uvu.edu

**CONFIDENTIAL**

Dear Professor Makasci:

On June 23, 2017, I sent you a letter of findings from the UVU Policy 162 investigation into the allegations of discrimination and retaliation that were filed against you by ▮▮▮▮ and ▮▮▮▮. I have since discovered that the June 23rd letter contains administrative errors in the findings section, which occurred due to the unexpected absence of Melissa Frost from the Title IX Office and me assuming the Acting Director role. The findings have not changed since the preliminary findings were made by the investigators of this case and provided to you on April 12, 2017. I have enclosed the preliminary findings document with this letter, for your reference. The present letter, which mirrors the findings included in the April 12, 2017 preliminary findings letter, corrects the errors sent on June 23, 2017. This corrected letter should be viewed as the final findings and therefore replaces the June 23rd letter. I apologize for any confusion created by this administrative error.

Utah Valley University Policy 162 prevents all forms of gender discrimination and retaliation. Consistent with University Policy and applicable federal and state anti-discrimination law, investigators evaluate all information collected during the course of the investigation and determine whether a violation of University Policy 162 has occurred using the "preponderance of the evidence" standard. This standard means that it is more likely than not, or more than 50% in favor that the allegation is true.

A decision of **"unfounded"** indicates that investigators conclude that either the event(s) did not occur as alleged, or even if the event(s) occurred, it did not arise to discrimination/harassment of a protected class and/or was not retaliatory.

A decision of **"inconclusive"** means that the evidence provided by both parties did not shift to a preponderance of evidence in favor of either party.

A decision of **"substantiated"** means that the allegation occurred as alleged and was based on protected class or was retaliatory in violation of UVU policy #162.

**FINDINGS:** Based on review of all the evidence, it is the opinion of investigators that the findings regarding the allegations of sex/gender discrimination and retaliation are as follows:

    A. **Sex/Gender Discrimination Allegations**

        **Allegation One:** Telling a male student to go up and help a female student with the computer and repeatedly stating that "boys are good with technology." Allegation One is **substantiated as to fact, but unfounded as to protected class discrimination.**



Allegation Two: Ignoring female students when they ask questions. Allegation Two is unfounded.

Allegation Three: When a female answers a question in class, saying their answer is wrong, but when a male answers the same question, saying their answer is right. Allegation Three is substantiated as to fact, but it does not rise to the level of policy violation; and is therefore unfounded.

Allegation Four: Refusing to provide feedback and assistance to female students on homework and class assignments. Allegation Four is unfounded as discrimination and also unfounded as retaliatory behavior directed towards the complainants.

Allegation Five: Making comments to others stating "that females don't belong in the Physical Education field." Allegation Five is inconclusive.

Allegation Six: Making comments that "women belong in the kitchen cooking" Allegation Six is inconclusive.

B. Retaliation Allegations

Allegation Seven: That sometime during the first two weeks of the Fall 2016 semester you discussed Title IX with the entire class and stated that the students in the class didn't know the definition of Title IX and what it meant and discussing how two (2) students last semester hurt your feelings and made fun of you. Allegation Seven is substantiated.

Allegation Eight: That on 11/16/2016 you made the following statements to the entire PETE class:

Allegation Eight (a): You have been teaching this class for 14 years and that students will not get rid of you. Allegation Eight (a) is substantiated.

Allegation Eight (b): You pointed out three students specifically [████ and another female student] and said "they were trying to get rid of [you], and stated that that these three female students shouldn't go around and talk to people in different departments about issues they have with [you]." Allegation Eight (b) is substantiated.

Allegation Eight (c): You confirmed to the class tha[████████] and [████████] have spoken with other departments by pointing them out to the class, and "saying threatening things" like "they are being prejudice because they went to explain their problems to Title IX and department head." Allegation Eight (c) is substantiated in part, specifically that you pointed the students out and said they were being prejudiced towards him.

The executive summary and findings have been discussed with Dean Daniel Fairbanks and Academic Affairs. The investigation, including the report and these findings, remain confidential and are classified as protected under the Government Records Access and Management Act. (GRAMA). Please continue to



maintain that confidentiality. Matters involving other issues unrelated to protected class discrimination/harassment have been forwarded to Academic Affairs.

Additionally, please be reminded that retaliation against individuals who participate in a discrimination/harassment complaint and/or investigation is strictly prohibited. Retaliation is intimidation, threats of reprisal, or other materially adverse actions taken against an employee or student of the University, or threats of such materially adverse actions, made by persons employed by or affiliated with the University in any way or by persons participating in any university program or activity against anyone who in good faith opposes discrimination or harassment, reports or files a complaint of discrimination or harassment, or honestly participates or assists in a university-related investigation, hearing, or other proceeding relating to discrimination or harassment. Examples include but are not limited to, threats or actual violence against a person or their property, adverse educational or employment consequences, ridicule, intimidation, bullying, ostracism, or action that may have "chill" or discourage a person from making a complaint or participating in an investigation. This includes asking students or employees if they have provided information, referencing that you will know if they say something in SRI's, or discussing the Complaint(s) with others.

If you have any questions or concerns related to this investigation, please feel free to contact Camille.Johnson@uvu.edu and she will set up a time to discuss.

If you disagree with the University action as a result of this decision, you may request a review pursuant to Utah Valley University Policy 162. Those rights will be explained in the letter from Dean Fairbanks determining any appropriate remedies. Review rights and deadlines will attach on the date that letter is sent to you.

Thank you for your cooperation, and for your patience during this process.

Sincerely,

Laura Carlson
Acting Director, Equal Opportunity and Affirmative Action/Title IX
801-863-7590

Enclosure: April 12, 2017 Preliminary Findings

cc (via email):  Daniel Fairbanks
                 Karen Clemes
                 Gregg Tobler