DANIEL R. WIDDISON (11979)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
dwiddison@agutah.gov
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEMAL MAKASCI,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>UTAH VALLEY UNIVERSITY, UTAH STATE BOARD OF REGENTS<br><br>　　　　　　　　Defendants. | **DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM**<br><br>Case No. 2:19-cv-00425-CW<br><br>Judge Clark Waddoups |

　　　　Defendant Utah Valley University ("UVU"), by and through counsel, hereby submits the following Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii
MOTION ...........................................................................................................................1
SUMMARY OF THE ISSUES AND REQUEST FOR REILEF..................................................1
BACKGROUND FACTS ......................................................................................................1
ARGUMENT......................................................................................................................2
    I.    STANDARD OF REVIEW................................................................................2
        A. Rule 12(b)(1) .........................................................................................2
        B. Rule 12(b)(6) .........................................................................................3
    II.    PLAINTIFF'S WHISTLEBLOWER CLAIMS ARE UNTIMELY...............................4
    III.    PLAINTIFF'S CONSTITUTIONAL CLAIMS DO NOT ADDRESS A PERSON FOR PURPOSES OF SECTION 1983.........................................................................5
CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

Cases

*Basso v. Utah Power & Light Co.,* 495 F.2d 906 (10th Cir. 1974) ............................................... 2
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................................ 3
*Davis ex. rel Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003) ............................... 2
*Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1232 (10th Cir. 2014) ...................................................... 4
*Jones v. Bock,* 549 U.S. 199 (2007) ............................................................................................. 3
*McLaughlin v. Bd. of Trustees of State Colleges of Colorado,* 215 F.3d 1168 (10th Cir. 2000) 5, 6
*Mitchum v. Foster,* 407 U.S. 225 (1972) ..................................................................................... 5
*Moore v. Guthrie,* 438 F.3d 1036 (10th Cir. 2006) ...................................................................... 3
*Radloff-Francis v. Wyoming Med. Ctr., Inc.,* 524 F. App'x 411 (10th Cir. 2013) ....................... 3
*Roach v. Univ. of Utah,* 968 F. Supp. 1446 (D. Utah 1997) ......................................................... 6
*Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008) ................................................................ 6
*Thorpe v. Washington City,* 2010 UT App 297, ¶ 4, 243 P.3d 500 ............................................. 4
*Watson v. University of Utah Med. Ctr.,* 75 F.3d 569 (10th Cir.1996) ........................................ 6
*Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989) ......................................................... 6

Statutes

42 U.S.C. § 1983 .................................................................................................................. Passim
Utah Code Ann. § 53B-2-101 (West) ............................................................................................ 4
Utah Code Ann. § 67-21-3 (West) ................................................................................................. 4
Utah Code Ann. § 67-21-4 (West) ............................................................................................ 4, 5

Rules

Fed. R. Civ. P. 12(b)(1) ................................................................................................................. 2
Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 3, 4

# MOTION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant respectfully requests that the Court dismiss the claims Plaintiff asserts against Defendant in his complaint on the grounds that (1) this Court lacks subject matter jurisdiction, and (2) the Complaint fails to state a claim for which this Court may grant Plaintiff relief. This motion is supported by the following memorandum.

## SUMMARY OF THE ISSUES AND REQUEST FOR RELIEF

Defendant requests that the Court dismiss Plaintiff's Complaint in its entirety because:

1. Plaintiff filed this civil action more than 180 days after he had exhausted administrative remedies regarding the Whistleblower claims.

2. Utah Valley University is not a person for purposes of Section 1983.

## BACKGROUND FACTS[1]

1. Plaintiff Kemal Makasci was employed at Utah Valley University as an Associate Professor in the Department of Exercise Science and Outdoor Recreation. Pl.'s Compl. at ¶¶8, 10.

2. Plaintiff's employment at Utah Valley University was terminated on July 6, 2017. Pl.'s Compl. at ¶74.

3. Plaintiff "appealed his termination through an internal appeals or hearing process." Pl.'s Compl. at ¶80.

4. "The Internal appeal process and Appeal Hearing did not reverse the decision to

---

[1] The Background Facts contain factual allegations asserted in Plaintiff's Complaint that are considered true only for purposes of this motion. By stating them here, Defendant does not waive, and specifically preserves, its right to later deny that the evidence actually supports those allegations.

terminate Dr. Makasci's employment and his employment was subsequently terminated on October 20, 2017[,]" exhausting Plaintiff's administrative remedies. Pl.'s Compl. at ¶89.

5. On May 30, 2019, Plaintiff filed this civil action. See Pl.'s Compl at 18.

6. Plaintiff alleges that the termination of his employment at Utah Valley University was a violation of the Utah Protection of Public Employees Act ("Whistleblower Act"). Pl.'s Compl. at ¶101.

7. Plaintiff alleges that he engaged in "constitutionally protected free-speech activity" during his employment, that his "eventual termination was the direct result of his exercise of his constitutional right of free speech[,]" and therefore "is entitled to an award of damages to be determined at trial." Pl.'s Compl. at ¶¶107, 113, 115.

8. Plaintiff alleges that he was denied due process. Pl.'s Compl. at ¶112.

## ARGUMENT

I. **STANDARD OF REVIEW**

   A. **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may exercise jurisdiction over a case or cause of action only when specifically authorized to do so and demands that a court "dismiss [a] cause at any stage of the proceeding in which it becomes apparent that [subject matter] jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citations omitted). In resolving a challenge to subject matter jurisdiction, it is appropriate to consider evidence beyond the pleadings. See Davis ex. rel Davis v. United States, 343 F.3d 1282, 1294 (10th Cir. 2003).

2

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss any claim that "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss, the Court views the complaint in a light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). Nevertheless, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must allege "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and it must "raise a right to relief above the speculative level." *Id.* at 555. A complaint must give a defendant "fair notice of what the claim is . . . and the grounds upon which it rests." *Id.* (quotations and citation omitted) (alteration in original). Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance some facts might exist which could support a plausible claim. *See Id.* at 555, 562-63. Under *Twombly*, Plaintiff's Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

### i. Rule 12(b)(6) Regarding Statute of Limitations

Federal Rule of Civil Procedure 12(b)(6) is the proper grounds for dismissal of claims barred by a statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). "If the allegations… show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Id*. "[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v.*

3

*McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980)). Thus, Plaintiff's untimely Whistleblower claims should be dismissed under Rule 12(b)(6).

## II. PLAINTIFF'S WHISTLEBLOWER CLAIMS ARE UNTIMELY

The Utah Protection of the Public Employees Act, commonly known as the Whistleblower Act, provides that "an employee of a state institution of higher education may bring a civil action… within 180 days after the day on which the employee has exhausted administrative remedies." Utah Code Ann. § 67-21-4 (West). Utah Valley University is considered an institution of higher education. *See* Utah Code Ann. § 53B-2-101 (West). The Whistleblower Act is designed to protect governmental employees from adverse or retaliatory actions for reporting governmental waste, abuse, or violations of law. *See* Utah Code Ann. § 67-21-3 (West). However, the jurisdictional requirement is uncompromising, and courts have consistently dismissed complaints that do not follow the 180-day limitation. *See, e.g.*, *Thorpe v. Washington City*, 2010 UT App 297, ¶ 4, 243 P.3d 500, 502. In *Thorpe*, the plaintiff filed a civil action involving Whistleblower claims against a state defendant 482 days after the decision to terminate his employment was upheld. *Id*. The Court of Appeals of Utah rejected the plaintiff's argument that providing a notice of claim was sufficient to satisfy the 180-day timeliness requirement and stated that the Act "specifically requires an employee to bring a [Whistleblower] cause of action within 180 days." *Id.* at ¶ 20; *see also Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1232 (10th Cir. 2014) (holding that "aspects of the [plaintiff's] Whistleblower Act claim were not filed within the 180–day window; thus, they are time-barred.")[2]

---

[2] Intervening and subsequent changes to the Whistleblower Act have not abrogated the 180-day statute of limitations.

4

Plaintiff alleges that the termination of his employment was an adverse action not allowed under the Whistleblower Act. See Pl.'s Compl. at ¶¶96, 99, 101. However, Plaintiff exhausted all administrative remedies regarding a potential wrongful termination on October 20, 2017, when the appeal of his termination was denied. See Pl.'s Compl. at ¶89. At that moment, the statute of limitations for Whistleblower claims involving Plaintiff's termination began to run. This civil action was filed on May 30, 2019, 588 days after Plaintiff exhausted administrative remedies. The delay in this case far exceeds the intentionally short 180-day limitation as provided in Utah Code Ann. § 67-21-4 (West). This also exceeds the 482-day delay that was considered untimely in *Thorpe*. Because Plaintiff has not timely brought this action, the Court should dismiss Plaintiff's Whistleblower claims with prejudice.

### III. PLAINTIFF'S CONSTITUTIONAL CLAIMS DO NOT ADDRESS A PERSON FOR PURPOSES OF SECTION 1983

Plaintiff claims that "[t]his Court has jurisdiction over the actions asserted in this matter under… the Constitution of the United States." Pl.'s Compl. at ¶4. The Constitution alone does not provide such jurisdiction. Rather, the proper vehicle to bring a cause of action for such claims is 42 U.S.C § 1983. *See, e.g.*, *Mitchum v. Foster*, 407 U.S. 225, 239 (1972) ("Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation.") Even if the Court assumes that Plaintiff brought this suit through Section 1983, the Court should dismiss all of Plaintiff's constitutional claims because they do not address a person for purposes of Section 1983.

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of*

5

*Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000) (quoting 42 U.S.C. § 1983). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[I]t is particularly important [in Section 1983 cases] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 564 n.10).

      It is well established that a state university is considered an arm of the State, and not a person for purposes of Section 1983. *See, e.g.*, *McLaughlin*, 215 F.3d at 1172. In *McLaughlin*, the plaintiff sued the Board of Trustees of State Colleges of Colorado for denying his constitutional rights through his termination. *Id.* at 1169. The court held that the plaintiff "failed to state a claim against a person covered by section 1983" because he "sued only the Board rather than the individual trustees." *Id.* at 1172; *see also Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir.1996) (holding that the University of Utah and its medical center are arms of the state for purposes of the Eleventh Amendment); *Roach v. Univ. of Utah*, 968 F. Supp. 1446, 1451 (D. Utah 1997) ("To the extent that plaintiff's § 1983 claims are asserted against the University, they are dismissed; the University is an arm of the state and is therefore not a "person" within the meaning of § 1983.")

      Plaintiff has not alleged any claims towards individual defendants as required in a Section 1983 lawsuit. *See, e.g.*, *Robbins*, 519 F.3d at 1250. There is no indication as to who has done what, nor is there fair notice to any individual who may be subject to this suit. Plaintiff filed this suit against Utah Valley University, which "is a Utah public institution of higher learning."

6

Pl.'s Compl. at ¶3. Based on the holdings in *McLaughlin*, *Watson*, and *Robbins*, the Defendant here, a state university, is considered an arm of the state and therefore not a person for purposes of Section 1983. Because these claims do not address a person under Section 1983, the Court should dismiss all of Plaintiff's constitutional claims against Utah Valley University. Without a viable claim under Section 1983, the Court lacks proper jurisdiction to hear any of Plaintiff's constitutional claims.

## CONCLUSION

For all the reasons stated above, this Court should dismiss Plaintiffs' Complaint in its entirety.

Dated this 19th day of July 2019.

SEAN D. REYES<br>
Utah Attorney General<br>
<br>
/s/ Daniel R. Widdison<br>
_____<br>
Daniel R. Widdison<br>
Assistant Utah Attorneys General<br>
*Attorney for Defendant*