IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KEMAL MAKASCI**,<br><br>Plaintiff,<br><br>vs.<br><br>**UTAH VALLEY UNIVERSITY, et al.**,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:19-cv-425<br><br>Judge Clark Waddoups |

Before the court is a motion to dismiss (ECF No. 25) filed by defendants Utah Valley University ("UVU"), Astrid Tuminez, Shaunna McGhie, Karen Clemes, Melissa Frost, Laura Carlson, and Daniel Fairbanks (the "Individual Defendants" and together with UVU, "Defendants"), which seeks to dismiss each cause of action asserted in plaintiff Kemal Makasci's ("Makasci") Amended Complaint (ECF No. 19). Plaintiff previously dismissed voluntarily the claims against Matthew Holland without prejudice. (ECF No. 24) The motion has been fully briefed, and the court heard argument on the same at a hearing held on October 9, 2020. For the reasons stated herein, Defendants' motion is **GRANTED**, and this matter is **DISMISSED**.

## BACKGROUND

Makasci was hired by UVU in August of 2003 as an assistant professor in the Department of Exercise Science and obtained tenure in 2007. In late 2015 or early 2016, Makasci started to experience trouble with a group of students (the "Group"). In April 2016, the Group filed a complaint (the "Complaint") against Makasci with UVU. Then, on November 16, 2016, the Group engaged Makasci in a verbal confrontation, which its members filmed. UVU thereafter suspended Makasci, with pay, on November 17, 2016. A hearing was conducted on

1

the Complaint in July 2017, and Makasci was ultimately terminated on July 6, 2017. Makasci timely appealed his termination and participated in an appellate hearing. Makasci's termination was ultimately upheld and made official on October 20, 2017. Makasci's Amended Complaint asserts six causes of action: Violation of Due Process, Violation of Substantive Due Process, Breach of Contract, two claims of Negligent Infliction of Emotional Distress, and Civil Conspiracy. Defendants' motion asks the court to dismiss each claim.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In assessing Defendants' motion, this court must "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

**I.   Makasci cannot bring a claim for violation of his procedural due process rights against UVU, and the Individual Defendants are protected from that claim by the doctrine of qualified immunity.**

Makasci's first cause of action, brought under 42 U.S.C. § 1983, alleges that UVU and the Individual Defendants (except Shaunna McGhie and Daniel Fairbanks) violated his right to procedural due process. UVU correctly asserts that because it "is an arm of the state," it is "not a 'person' within the meaning of § 1983," and that Makasci's first cause of action must therefore be dismissed against it. *See Roach v. Univ. of Utah*, 968 F. Supp. 1446, 1451 (D. Utah 1997)

2

(citations omitted); *see also Maranville v. Utah Valley Univ.*, 568 F. App'x 571, 576 (10th Cir. 2014) ("To the extent [the plaintiff] attempts to advance his due-process claim against [UVU] or its employees in their official capacities, such an attempt is barred by the Eleventh Amendment."). "However, the individual defendants named in this action can be sued for damages under § 1983 in their individual capacities." *Id.* For purposes of this motion, the court assumes that Makasci's claims against the Individual Defendants are brought against them in their individual capacities.

The Individual Defendants argue that they are protected from these claims by qualified immunity. "When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff" to establish "that the defendant violated a constitutional right" and "that the constitutional right was clearly established." *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) (internal citations omitted). Makasci has failed to meet that burden here.

The court previously has stated the requirements for stating a procedural due process claim in *Rossi v. Univ. of Utah*, No. 2:15-CV-767, 2020 WL 2134217, at *28 (D. Utah May 5, 2020):

> Procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision. This means, due process requires that when a State seeks to terminate a protected interest, it must afford notice and opportunity for hearing appropriate to the nature of the case before the termination becomes effective. The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings. In this general framework, to state a procedural due process claim, a plaintiff must establish (1) the deprivation of (2) a constitutionally cognizable liberty or property interest, (3) without adequate due process procedures.

(citations and quotations omitted).

The court recognizes that Makasci had a property interest in his continued employment and that he was deprived of that interest when he was terminated. *See Maranville*, 568 F. App'x

at 576 (noting that a tenured professor has a property interest in his continued employment that is "deserving of procedural due process protections").  The remaining question is whether Makasci has established that the Individual Defendants deprived him of adequate due process procedures.  As a "tenured public employee," the Makasci was entitled to receive "oral or written notice of the charges against him, an explanation of the employer's evidence, [] an opportunity to present his side of the story," and "[t]he opportunity to present reasons, either in person or in writing, why proposed action should not be taken."  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

  The Amended Complaint establishes that Makasci received notice of the Complaint and allegations against him (*see* Amend. Compl., ECF No. 19 at ¶¶ 34, 36–38, 44–45, 47–49, 63) and had opportunities to respond to the same and explain why he should not be terminated (*see id*. at ¶¶ 51–54, 56–60, 63, 91).  Makasci argues that the notices and hearings he received were insufficient, because, among other things, he was not given adequate time to prepare for the hearing, because UVU used a previous complaint as an alternative basis for his termination, because he was not able to present certain evidence at the hearing, and because he was not permitted to take notes during or record his interviews of witnesses.  Makasci fails, however, to establish which of the Individual Defendants allegedly committed each of these actions, and more importantly, he fails to offer authority establishing that any of these alleged deficiencies made the process that he received inadequate.  As such, Makasci has failed to establish that the Individual Defendants are not entitled to qualified immunity on his procedural due process claim, and that claim is therefore **DISMISSED**.

### II. Makasci cannot bring a claim for violation of his substantive due process rights against UVU, and the Individual Defendants are protected from that claim by the doctrine of qualified immunity.

Makasci's second cause of action, also brought under 42 U.S.C. § 1983, alleges that UVU and the Individual Defendants (except Shaunna McGhie) violated his right to substantive due process. As discussed above, because UVU "is an arm of the state," and therefore "not a 'person' within the meaning of § 1983," this claim against it must be dismissed. *See Maranville*, 568 F. App'x at 576. For purposes of Defendants' motion, and as discussed above, the court assumes that Makasci's second claim is asserted against the Individual Defendants in their individual capacities. Those Individual Defendants again argue that they are protected from this claim by qualified immunity. As discussed above, Makasci now has the burden of establishing that the Individual Defendants "violated a constitutional right" and "that the constitutional right was clearly established." *Cortez*, 478 F.3d at 1114.

The court has also previously set forth the requirements for stating a claim for substantive due process in *Rossi*, 2020 WL 2134217, at *43:

> Substantive due process bars certain government actions regardless of the fairness of the procedures used to implement them. A substantive due process violation occurs where government action deprives a person of life, liberty, or property in a manner so arbitrary it shocks the conscience. This approach applies when the plaintiff seeks relief for tortious executive action. The Supreme Court has cautioned, however, that only the most egregious official conduct can be said to be arbitrary in the constitutional sense. This means a plaintiff must do more than show the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. The official's arbitrary conduct must shock the conscience. If it does not, then a plaintiff must look to state tort law for possible redress.

(citations and quotations omitted).

Makasci argues that the Individual Defendants' behavior is shocking, and should therefore shock the conscious, as they, among other things, withheld evidence, prevented Makasci from calling witnesses or presenting evidence, did not allow him to face the accusers

against him, and did not complete an investigation into his own filed complaint before they terminated him. But Makasci again fails to allege which Individual Defendant took each of these actions, and, more importantly, he fails to offer any authority to support his arguments that these actions were so egregious that they shock the conscience. That does not mean that the court concludes that the actions taken against Makasci were reasonable or appropriate. There is a serious question about the actions of UVU and its professors who acted against Makasci. It appears that more reasoned and timely responses may have prevented or avoided the issues that resulted in his termination. It is not, however, the role of this court to second guess or review the reasonableness of Defendants' conduct, and the court may act only if such conduct is so far beyond any reasonable decision and is so arbitrary and extreme that it shocks the conscious of the court. Makasci has not met this requirement and has therefore failed to establish that the Individual Defendants are not entitled to qualified immunity on his substantive due process claim, and that claim is therefore **DISMISSED**.

### III. The court declines to exercise supplemental jurisdiction over Makasci's remaining claims and therefore dismisses this action for lack of jurisdiction.

Only Makasci's first and second causes of action, those brought under 42 U.S.C. § 1983, raised federal questions sufficient to give this court jurisdiction over this action. (*See* Amend. Compl,, ECF No. 19 at ¶ 10). The court's jurisdiction over the remaining of Makasci's remaining state-law claims was supplemental. (*See id.*). Having herein dismissed Makasci's first and second causes of action, the court now **DECLINES** to exercise supplemental jurisdiction over Makasci's remaining state-law claims and therefore **DISMISSES THIS ACTION FOR LACK OF JURISDICTION**. *See* 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

For the reasons stated herein, Makasci's first and second causes of action, those brought under 42 U.S.C. § 1983, are **DISMISSED**, and this action is, pursuant to 28 U.S.C. § 1367(c)(3), therefore **DISMISSED FOR LACK OF JURISDICTION**.

DATED this 23rd day of October, 2020.

BY THE COURT:

_____
Clark Waddoups
United States District Judge